UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61027-CIV-LENARD/SIMONTON

**TRADEWINDS ENGINE SERVICES, LLC,**

    Plaintiff,
v.

**IAE INTERNATIONAL AERO ENGINES AG, Inc.,**

    Defendant.
_____/

### ORDER ADOPTING IN PART REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE (D.E. 45), GRANTING DEFENDANT'S MOTION TO DISMISS (D.E. 7), AND GRANTING DEFENDANT'S MOTION TO STRIKE REQUEST FOR ATTORNEY'S FEES (D.E. 7)

**THIS CAUSE** is before the Court on the Report and Recommendation of Magistrate Judge Andrea M. Simonton ("Report," D.E. 45), issued on January 13, 2011, which recommends the Court grant Defendant's Motion to Dismiss the Amended Complaint ("Motion to Dismiss," D.E. 7), filed on June 24, 2010, as to Counts I and II of the Amended Complaint and deny the Motion to Dismiss as to Count III of the Amended Complaint. The Report also recommends the Court grant Defendant's Motion to Strike Plaintiff's Request for Attorney's Fees and Costs Pursuant to Fla. Stat. § 57.105 ("Motion to Strike," D.E. 7), also filed on June 24, 2010.[1] On January 27, 2011, Defendant filed objections to the Report

---

[1] Plaintiff's response to the Motion to Dismiss and Motion to Strike was filed on July 12, 2010, to which Defendant filed a reply on July 22, 2010. (See D.E. 20, 30.)

("Objections," D.E. 46), to which Plaintiff filed a response ("Response," D.E. 49) on February 14, 2011. Having considered the Report, Objections, Response, related pleadings, and the record, the Court finds as follows.

I.   **Background**[2]

This case involves the purchase and repair of a used aircraft jet engine, specifically an International Aero Engines Model V2527-A6 aircraft engine (the "Engine"). In 2007, Plaintiff Tradewinds Engine Services, LLC, investigated the potential purchase of the Engine from Royal Aero Services, GmbH. The Engine had previously been located in a hangar at an airport in Brussels. In May 2006, a fire damaged several aircraft in that hangar. Although there appeared to be no damage to the Engine, it was delivered to Defendant IAE International Aero Engines AG, Inc.'s "partner" MTU Maintenance ("MTU") for cleaning, inspection, and repair in order to return the engine to "serviceability."[3] Plaintiff contends its purchase was largely contingent on Defendant's position as to whether the Engine could be restored to serviceability. A declaration from the Engine's manufacturer that it was unfit for service or "scrap" would dramatically affect the Engine's market value. In short, Plaintiff alleges that over a period lasting from February 2007 through May 2009, Defendant made numerous contradictory representations as to its position on the serviceability of the Engine

---

[2] The following facts are gleaned from Plaintiff's Amended Complaint (D.E. 11) and are deemed to be true for purposes of this motion.

[3] Returning an engine to "serviceability" refers to the inspections and repairs necessary to make an engine suitable for service to power an aircraft in flight. (See Complaint at ¶ 14.)

and whether it would interfere with the Engine's restoration. Plaintiff claims that Defendant knew it would declare the Engine unfit as far back as 2007. Nevertheless, Defendant fraudulently induced Plaintiff into spending millions of dollars to repair and purchase the Engine despite its intent to declare the Engine was not capable of being returned to serviceability.

Plaintiff's Amended Complaint ("Complaint, D.E. 11), alleges Defendant is liable for negligent misrepresentation (Count I), fraudulent inducement (Count II), promissory estoppel (Count III), tortious interference (Count IV), and attorney's fees and costs pursuant to Fla. Stat. § 57.105.

On June 24, 2010, Defendant filed its Motion to Dismiss, seeking to dismiss Counts I, II, and III of Plaintiff's Complaint pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. Defendant also filed its Motion to Strike, seeking to strike Plaintiff's request for attorney's fees and costs for failure to comply with the safe-harbor provision of Fla. Stat. § 57.105. On June 25, 2010, the motions were referred to the Magistrate Judge. (See D.E. 8.)

**II.    Report and Objections**

On January 13, 2011, the Magistrate Judge issued her Report, recommending Defendant's Motion to Dismiss be granted as to Counts I and II of the Complaint and denied as to Count III. The Report recommends the Court dismiss Counts I and II without prejudice, with leave to amend. The Report further recommends the Court grant Defendant's Motion

to Strike and strike the portion of the Complaint requesting attorney's fees pursuant to Fla. Stat. § 57.105.

Defendant objects only to the portion of the Report that recommends denial of its Motion to Dismiss as to Count III, or Plaintiff's promissory estoppel claim. The Objections take issue with a portion of the Report which characterizes Defendant's argument. The Report states, "[i]n its Motion to Dismiss, Defendant does not challenge Plaintiff's claims for promissory estoppel as failing to provide specificity as to the details of when or where the promises were made, but rather Defendant asserts that to the extent that [Defendant] made any statements or representations, they are unenforceable because those promises were not definite to either terms, time, reasonableness and substance." (Report at 15.) Specifically, Defendant asserts that it indeed challenges Plaintiff's promissory estoppel claim on the grounds that the Complaint does not allege who made the promise, when it was made, or to whom it was made. (See Objections at 2; Motion to Dismiss at 10; D.E. 30 at 7.) Defendant asserts that the Complaint does not clearly identify the basis for its promissory estoppel claim -- namely what promise was made, by whom, to whom, and when.

In response, Plaintiff urges that it is ready and willing to amend its Complaint as to Counts I and II and the Magistrate Judge properly considered all of the arguments raised as to the promissory estoppel claim.

### III.   Standard of Review

Upon receipt of the Report and Defendant's Objections, the Court must now "make

a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see FED. R. CIV. P. 72(b)(3). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. In making its determination, the district court is given discretion and "is generally free to employ the magistrate judge's findings to the extent that it sees fit." Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1245 (11th Cir. 2007).

Pursuant to Federal Rule of Civil Procedure 12(b), a defendant may move for dismissal of a claim based on one or more of seven specific defenses, including failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed under Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. Ala., 30 F.3d 117, 120 (11th Cir. 1994). In reviewing a motion to dismiss, the Court accepts the facts alleged in the Complaint as true, and construes all reasonable inferences therefrom in the light most favorable to Plaintiffs. Bank v. Pitt, 928 F.2d 1108, 1109 (11th Cir. 1991). Finally, to survive a motion under Rule 12(b)(6), a claim need not contain detailed factual allegations, but must provide sufficient grounds to show more than a merely speculative entitlement to relief. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007); Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231-32 (11th Cir. 2000).

**IV.    Discussion**

In order to state a claim for promissory estoppel, a plaintiff must allege: (1) they detrimentally relied upon a promise made by the defendant; (2) that the defendant reasonably should have expected the promise to induce reliance in the form of action or forbearance on the part of the plaintiff or a third party; and (3) that injustice can be avoided only by enforcement of the promise against the defendant. See W.R. Grace & Co. v. Geodata Serv., Inc., 547 So.2d 919, 924 (Fla. 1989); Uphoff v. Wachovia Sec., LLC, 2009 WL 5031345 at *4 (S.D. Fla. 2009). To support a claim for promissory estoppel, the promise must be "sufficiently definite in time or term or reasonableness." W.R. Grace, 547 So.2d at 925.

Defendant's objections to Count III's lack of specificity are well-taken. The basis for Plaintiff's promissory estoppel claim is unclear. Count III of the Complaint alleges Defendant "made representations as to material facts that are contrary to a later-asserted position." (See Complaint at ¶ 80.) The factual basis of the Complaint alleges Defendant's employees exchanged internal communications regarding the serviceability of the Engine. (Id. at ¶¶ 16-18.) The Complaint also alleges that Defendant's varying positions as to the Engine were communicated to MTU or another "partner" of the Defendant, Pratt & Whitney. (Id. at ¶¶ 19-23, 38, 43.) Thus, many of the allegations pertain to internal communications or opinions issued to MTU or third parties. The Complaint does not state who issued any promise on behalf of Defendant or to whom it was issued. It is also unclear what the promise consisted of or which of the alleged misrepresentations constitutes the basis for the

promissory estoppel claim. It is difficult to state a claim for promissory estoppel without being able to state with any specificity the nature or circumstances surrounding the alleged promise. Accordingly it is hereby **ORDERED AND ADJUDGED** that:

1. Consistent with this Order, the Report and Recommendation of the Magistrate Judge (D.E. 45), issued on January 13, 2011, is **ADOPTED in part;**

2. Defendant's Motion to Dismiss Counts I, II, and III of Plaintiff's Amended Complaint (D.E. 7) is **GRANTED** and Counts I, II, and III are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to Rules 9(b) and/or 12(b)(6) of the Federal Rules of Civil Procedure;

3. Defendant's Motion to Strike Plaintiff's Request for Attorney's Fees and Costs Pursuant to Fla. Stat. § 57.105 (D.E. 7) is **GRANTED** and Plaintiff's request for attorney's fees and costs pursuant to Fla. Stat. § 57.105 is **STRICKEN**. This ruling does not preclude Plaintiff from seeking attorney's fees if and when appropriate;

4. Plaintiff is given leave to file a second amended complaint on or before March 21, 2011, upon which Defendant shall have fourteen (14) days to file its response.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 15th day of March, 2011.

/s/ Joan A. Lenard
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**